July 28, 1977

## 77–45 MEMORANDUM OPINION FOR THE COUNSEL TO THE PRESIDENT

### National Commission on Neighborhoods— Appointment of Members

This memorandum responds to your request for our opinion on the meaning of the phrase "members of the same political party" in § 203(b) of the National Neighborhood Policy Act, Pub. L. No. 95–24, 91 Stat. 57, establishing the National Commission on Neighborhoods. The pertinent language reads as follows:

> The two members appointed pursuant to clause (1) may not be members of the same political party, nor may the two members appointed pursuant to clause (2) be members of the same political party. Not more than eight of the members appointed pursuant to clause (3) may be members of the same political party.

At the outset, we would note that the statute does not require that an appointee be a member of *any* political party. In particular, an appointee need not be a registered Democrat or Republican; the statute imposes no such requirement, and in fact would raise serious constitutional questions if it did. *Williams* v. *Rhodes,* 393 U.S. 23 (1968). The President thus remains free to appoint those only tangentially affiliated with the two major parties, members of lesser-known political parties, and independents. Indeed, such appointments would further the statutory purpose of fostering a political diversity on the Commission. *See* H.R. Rep. No. 42, 95th Cong., 1st Sess. 6 (1977); 123 Cong. Rec. H. 1946 (daily ed. March 10, 1977) (remarks of Rep. Annunzio).

The only statutory restriction is a prohibition on the appointment of more than one-half of the members of the Commission from the same political party. Despite its initial appearance, this is not a prohibition susceptible of easy application. While in may instances an appointee's status will be obvious, in may other situations it may not be so clear whether a certain individual is a "member" of a "political party." The determination will often depend on all the facts and circumstances of a

particular case; we will, nevertheless, give our own general views on this subject.

A political party is generally defined as an organization consisting of electors who have the same basic theories or principles of government, *see, Socialist Labor Party* v. *Rhodes,* 290 F. Supp. 983, 988 (D. Ohio 1968), *aff'd in part, modified in part,* 393 U.S. 23; *United States* v. *Shirey,* 168 F. Supp. 382, 385 (D. Pa. 1958), *rev'd on other grounds,* 359 U.S. 255 (1959), which they strive to put into effect through the election of party members to public office. *State* v. *Cleveland-Cliffs Iron Co.,* 169 Ohio St. 42, 157 N.E. 2d 331, 333 (1959); *People* v. *Kramer,* 328 Ill. 512, 160 N.E. 60, 64 (1923); *Kelso* v. *Cook,* 184 Ind. 173, 110 N.E. 987, 994 (1916); *Chambers* v. *I. Ben Greenman Ass'n.,* 58 N.Y.S. 2d 637, 640 (N.Y. Sup. Ct. 1945), *aff'd,* 58 N.Y.S. 2d 3. We doubt that this definition occasions great problems. The Republican and Democratic parties are obviously political parties, and the President is unlikely to appoint members of other political organizations in such numbers as to give rise to many questions.

More substantial problems arise in determining whether a potential appointee is a "member" of a political party. In contrast with some other statutes, *see, e.g.,* 50 U.S.C. § 844, the provision in question lists no criteria to be considered in determining membership; the legislative history is also of little help. The courts, in construing the term "member" in other contexts require that the individual have the desire to belong to an organization and the organization recognizes him as a member. *Killian* v. *United States,* 368 U.S. 231, 249-51 (1961); *Fisher* v. *United States,* 231 F. 2d 99, 107 (9th Cir. 1956). We think that this construction, even though rendered in a criminal context, can at least provide the framework of a definition here. To elaborate on this framework, we believe that a "member" of a political party must (1) share the basic beliefs of the party, since a party is composed of individuals of similar principles; (2) desire to belong to the party; and (3) perform certain actions in furtherance of its goals. This last requirement is drawn from the fact that the party must "recognize" one's membership; because party affiliation is usually a matter of great informality, *Alexander* v. *Todman,* 337 F. 2d 962, 974 (3rd Cir. 1964), it would appear that party "recognition" may be achieved upon an individual's active support of the party and its goals.

The type of active support sufficient to constitute membership is a question that must depend on all the facts and circumstances of a particular situation. We doubt, however, that mere support of a party's candidates in a general election, even if over a long term, is sufficient by itself to constitute membership. While such a pattern may show interest in, and sympathy for, the party's goals, this has not been deemed sufficient to fulfill the definition of "membership" in other contexts. *See, National Council* v. *Subversive Activities Control Board,* 322 F. 2d 375, 388 (D.C. Cir. 1963); *Travis* v. *United States,* 247, F. 2d 130,

136 (10th Cir. 1957). Moreover, if Congress had intended to allow mere electoral support to be determinative here, it presumably would have used a term less connotative of belonging to a group—such as, for example, "affiliation" or "sympathy." *Bridges* v. *Wixon,* 326 U.S. 135, 143 (1945).

On the other hand, registration in a party would most often be indicative of membership in that party, since it usually reflects a commitment to the party's goals and involves a role in choosing the party's candidate. *Cf., Bendinger* v. *Ogilivie,* 335 F. Supp. 572, 576 (D. Ill. 1971). In the absence of a formal registration, membership might be shown by other evidence of active support of a party—financial support, attendance at meetings, volunteer activity, speeches, or service as an officer might all be considered in determining whether an individual is a member of a party. *Cf.* 50 U.S.C. § 844; *Galvan* v. *Press,* 347 U.S. 522, 528-29 (1954); *National Council* v. *Subversive Activities Control Board, supra,* at 388; *Fisher* v. *United States, supra,* at 107.

In short, there is no definitive formula for determining membership, although reliable indicia of memberhsip are available.

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

185